578 A.2d 1268

MARLENE B. LYNCH, PLAINTIFF, v. NEW JERSEY MANUFAC-
TURERS INSURANCE COMPANY, DEFENDANT.

Superior Court of New Jersey
Law Division Mercer County

Decided May 8, 1990.

*Richard J. Alphonse* for plaintiff (*Stark & Stark*, attorneys).

*Cheryl Maccaroni* for defendant (*McLaughlin & Cooper*, attorneys).

DELEHEY, J.S.C.

This matter is before the court on the plaintiff's motion for partial summary judgment.

Plaintiff Marlene B. Lynch, insured by New Jersey Manufacturers Insurance Company (NJM), was injured in a motor vehicle accident. Plaintiff lost two days from work as a result thereof—May 18, 1987 and November 18, 1987, sustaining losses of income for each day in the amount of $138.63 and $163.91.

NJM's policy provided mandatory personal injury protection coverage which contained income continuation benefits to a maximum of $100.00 per week. The policy also contained a provision limiting the payment of the income continuation benefits to a prorated portion of the work week lost by an insured. By way of example: If the insured had a five-day work week, then he would be entitled to $20.00 per day; a four-day work week, $25.00 per day; a three-day work week $33.33 per day, and so forth.

Plaintiff had a five-day work week and lost one day of work in separate weeks. Applying the proration provision of its policy, NJM paid her $20.00 for each day lost from work for a total of $40.00. Plaintiff contends that she is entitled to be paid $100.00 for each day lost from work, because those days were in separate weeks and because the governing statute renders NJM liable to pay loss of income benefits to a maximum of $100.00 per week whether the insured misses a single day or

the entire work week. In short, plaintiff argues that NJM's pro rata provision is in conflict with the governing statute, *N.J.S.A.* 39:6A–4b. Plaintiff also claims that at the very least the statute is ambiguous and under axiomatic rules of statutory interpretation the remedial purpose of the statute requires resolution in favor of the insured.

Not so, says NJM. It argues that the language of the statute merely requires NJM to make income loss payments "to a maximum weekly payment of $100.00," but that the statute does not preclude proration on a daily basis. N.J.M. further asserts that since the proration provision of the policy is not in conflict with the statutory language it is not for the court to rewrite the statute or create new law.

It is not for the court to expand the statute beyond the intent of the Legislature, but it is the function of the judiciary to interpret the law.

*N.J.S.A.* 39:6A–4b provides:

Personal injury protection means and includes:

Income continuation benefits. The payment of the loss of income of an income producer as a result of bodily injury disability, [is] subject to a maximum weekly payment of $100.00 ...

The purpose of the New Jersey No–Fault Insurance Law is to provide swift and certain payment for specific losses sustained as a result of automobile accidents, among them the loss of income. *Olivero v. New Jersey Mfrs. Ins. Co.*, 199 *N.J.Super.* 191, 488 *A.*2d 1071 (App.Div.1985).

Rules governing statutory interpretation and construction are exceeded in number only by the maxims found in the Bible, and like their biblical cousins may be used with equal vigor to support conflicting arguments either designed to enhance or distort the legislative intent. Fortunately, the Legislature by its own words enables us to avoid that tortured morass of legal axioms, construction of the act being defined in *N.J.S.A.* 39:6A–16:

This act shall be liberally construed as to effect the purpose thereof....

The language of the statute reveals a two-fold purpose addressed by the Legislature: One, that insured persons be assured of protection against losses of income incurred within a week, and two, that the insurer's obligation should be limited to a maximum of $100.00 per week.

The governing statute speaks in terms of "weekly income", its clear remedial intent to be reimbursement for the loss of weekly, not daily, income. The restrictive language of NJM's policy is in conflict with the interest and purpose of the governing statute and therefore is not binding upon the plaintiff, its insured. The plaintiff-insured having sustained losses of income in excess of $100.00 in two separate weeks, although missing only a portion of each week from work, is entitled to the maximum weekly benefit provided by the statute. NJM has already paid to the plaintiff the sum of $40.00. Accordingly, partial summary judgment is entered in favor of the plaintiff in the sum of $160.00.